**Sulaiman Law Group, Ltd.**
Alexander J. Taylor
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
Telephone: 630-575-8181
Facsimile: 630-575-8188
E-Mail: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOSHUA C. HULL,

Plaintiff,

v.

RADIUS GLOBAL SOLUTIONS, LLC,

Defendant.

Case No. 8:22-cv-01613

**COMPLAINT FOR DAMAGES**

**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**

**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

**NOW COMES** JOSHUA C. HULL ("Plaintiff"), by and through his attorneys, complaining of RADIUS GLOBAL SOLUTIONS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Rosenthal Fair Debt Collection Practices Act pursuant to Cal. Civ. Code § 1788.17.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1337, the TCPA, and FDCPA, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law RFDCPA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Central District of California, Defendant conducts business in the Central District of California, and all of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age and is a "person" as defined by 47 U.S.C. §153(39). At all times relevant, Plaintiff resided in Orange County, California, which is located within the Central District of California.

6. Defendant is an online loan lender organization with its corporate offices located in Edina, Minnesota.

## FACTS SUPPORTING CAUSES OF ACTION

7. Prior to the events giving rise to this action, Plaintiff opened a line of service with ATT Mobility and accrued a past due balance ("subject debt" or "subject account").

8. Shortly thereafter, Defendant acquired the right to collect on the subject debt.

9. In or around December 2021, Defendant began placing collection calls to Plaintiff's cellular telephone number, (714) XXX-6244, in an attempt to collect on the subject debt.

10. Plaintiff is and always has been the sole subscriber, owner, possessor, and operator of the cellular telephone number ending in 6244.

11. In or around December 3, 2021, Plaintiff answered one of Defendant's incoming telephone calls and informed them to stop calling.

12. Failing to acquiesce to Plaintiff's demand to cease calling, Defendant continued to call Plaintiff's cellular phone.

13. Despite knowing that Plaintiff did not want to receive any further calls, Defendant placed additional calls to Plaintiff's cellular phone following his request that the calls cease.

14. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling with such frequency as can be reasonably expected to harass.

15. Moreover, Plaintiff has yet to receive any written communications since Defendant first began calling Plaintiff's cellular telephone to collect on subject debt.

16. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, with the hope of ending the harassing attacks and unfair practices by Defendant

## DAMAGES

17. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

18. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

19. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

20. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

24. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

25. The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

27. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

28. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), and f, through its unlawful debt collection practices.

**a. Violations of FDCPA § 1692c**

29. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

30. Moreover, Defendant was notified by Plaintiff that Defendant's calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to Plaintiff.

**b. Violations of FDCPA § 1692d**

31. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the calls after Plaintiff put Defendant on notice that the calls cease.

32. Defendant violated §1692d(5) by causing Plaintiff's telephone to ring in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff.

**c. Violations of FDCPA § 1692f**

33. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff through harassing means. Defendant repeatedly attempted to coerce Plaintiff into making a payment towards the subject debt. These means employed by Defendant only served to worry, harass, and cause distress to Plaintiff.

34. Defendant had been told by Plaintiff to stop calling him. Nevertheless, it persisted with its phone call campaign in contacting him, and knew that its conduct was inconvenient and

harassing to Plaintiff.

35. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through never-ending harassing phone calls to the phones of consumers in an attempt to collect on a debt.

36. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

37. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff JOSHUA C. HULL respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as the Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "person" as defined by Cal. Civ. Code §1788.2(g).

40. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

41. Defendant is a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

### a. Violations of RFDCPA §1788.11(e)

42. The RFDCPA, pursuant to Cal. Civ. Code §1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

43. Defendant violated the RFDCPA when it continuously placed telephone calls to Plaintiff's cellular phone after he informed them that calls were unwanted. This repeated behavior of systematically placing telephone calls Plaintiff's phone his demands to stop was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would make a payment on the subject debt. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing him into submission.

**WHEREFORE**, Plaintiff JOSHUA C. HULL respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: August 31, 2022

Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*\